UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JACKIE A.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01485 |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is now before the Court on the Report and Recommendation of Magistrate Judge Ronald Hanna. (D. 15). On December 3, 2025, Judge Hanna recommended that Plaintiff Jackie A.C.'s ("Jackie") [8] Motion for Summary Judgment be denied, and that the administrative law judge's ("ALJ") finding that Jackie was not disabled under the Social Security Act and thus ineligible to receive supplement security income be affirmed. *See id.*

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* at 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* at 72(b)(3). If no objection, or only a partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The parties were advised of the 14-day deadline to file an objection. (D. 15, p. 26). More than 14 days have now passed, and no objections have been made. As the parties have failed to

raise timely objections, any such objections have been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

Because neither party objected to any portion of Judge Hanna's Report and Recommendation, this Court reviews it for clear error only. Judge Hanna's Report and Recommendation sufficiently outlined the relevant procedural history and the arguments on appeal, which were primarily targeted at the ALJ's reliance on the vocational expert's testimony. Based on the vocational expert's testimony, the ALJ concluded that there were jobs in significant numbers in the national economy that Jackie could perform; therefore, she had not been under disability since the alleged onset date.

Upon review, Judge Hanna found none of Jackie's arguments persuasive. Specifically, he found that it was not unreasonable for the ALJ to rely on the vocational expert's testimony. (*See* D. 15). Judge Hanna further found that the ALJ had supported his decision with substantial evidence and recommended the Court affirm. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support the decision."); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusions.").

After reviewing the Report and Recommendation, the parties' briefs, the record, and the applicable law, the Court finds no clear error. Accordingly, the [15] Report and Recommendation is ADOPTED and Jackie's [8] Motion for Summary Judgment is DENIED. Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision in this matter is AFFIRMED. The Clerk is directed to enter judgment and close the case.

Entered on January 14, 2026.

                                                        /s/ Michael M. Mihm
                                                        Michael M. Mihm
                                              United States District Judge